**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Maria Rubio-Mendez, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 2906 |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio limited professional association, LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Maria Rubio-Mendez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, B) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Maria Rubio-Mendez ("Rubio-Mendez"), is a citizen of the State of Virginia, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally for a Chase Bank credit card, which was then allegedly owed to a bad debt buyer, LVNV Funding, despite the fact that she was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, Michigan, Ohio, Pennsylvania and Florida, Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. See, Weltman's website materials, attached as Exhibit A. In fact, Defendant Weltman was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer, that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Weltman.

7. Defendants Weltman and LVNV are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit B. In fact, Defendants Weltman and LVNV both conduct extensive and substantial business in Illinois.

8. Defendant LVNV is also licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, Defendant LVNV acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Rubio-Mendez is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed originally for a Chase Bank account. At some point in time, Defendant LVNV bought Ms. Rubio-Mendez's Chase Bank debt after she defaulted on it, and when Defendant LVNV began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Accordingly, on December 13, 2010, one of Ms. Rubio-Mendez's attorneys at LASPD informed Defendants that Ms. Rubio-Mendez was represented by counsel, and directed Defendants to cease contacting her and to cease all further collection activities because Ms. Rubio-Mendez was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, despite being advised that Ms. Rubio-Mendez was

represented by counsel and refused to pay the debt, Defendants sent Ms. Rubio-Mendez a collection letter, dated August 12, 2011, which demanded payment of the LVNV/Chase Bank debt. A copy of this letter is attached as Exhibit E.

12. Accordingly, on October 17, 2011, one of Ms. Rubio-Mendez's LASPD attorneys wrote Defendants again to demand that it cease collection of the debt. Copies of this letter and fax confirmations are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Rubio-Mendez's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Rubio-Mendez was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants in writing (Exhibit <u>D</u>), that Ms. Rubio-Mendez was represented by counsel, and had directed a cessation of communications with Ms. Rubio-Mendez.  By sending a collection letter (Exhibit <u>E</u>) to Ms. Rubio-Mendez, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Maria Rubio-Mendez, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Rubio-Mendez, and against

Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Maria Rubio-Mendez, demands trial by jury.

Maria Rubio-Mendez,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 19, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com